UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASAHIRO NAKAHATA, et al.
*on behalf of themselves and all other employees similarly situated*,

*Plaintiffs*,

- v -

NEW YORK-PRESBYTERIAN HEALTHCARE SYSTEM, INC., et al.

*Defendants*.

Civil Action No.
11-cv-6658 (PAC)

PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO THE MOTION TO DISMISS
BROUGHT BY DEFENDANTS NEW YORK-PRESBYTERIAN
HEALTHCARE SYSTEM, INC., HERBERT PARDES AND WAYNE OSTEN

THOMAS & SOLOMON LLP
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540

Of Counsel:   J. Nelson Thomas, Esq.
              Michael J. Lingle, Esq.
              Annette M. Gifford, Esq.
              Jessica L. Witenko, Esq.

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 2

LEGAL STANDARD .............................................................................................................. 3

MOTIONS TO DISMISS ARE RARELY GRANTED ............................................................. 3

ARGUMENT ........................................................................................................................... 6

PLAINTIFFS HAVE PLAUSIBLY ALLEGED THAT MOVING DEFENDANTS MEET THE FLSA AND NYLL DEFINITIONS OF "EMPLOYER" ......................................................... 6

I. THE BROAD STATUTORY DEFINITIONS OF EMPLOYER UNDER THE FLSA AND NYLL INCLUDE THE MOVING DEFENDANTS .............................................................. 6

II. THE COMPLAINT SUFFICIENTLY ALLEGES MOVING DEFENDANTS' LIABILITY AS A SINGLE EMPLOYER AND/OR INTEGRATED ENTERPRISE ................................. 9

III. THE COMPLAINT PLAUSIBLY ALLEGES THAT DR. PARDES AND MR. OSTEN ARE INDIVIDUALLY LIABLE AS EMPLOYERS ............................................................ 14

IV. DEFENDANTS' ATTEMPT TO AVOID LIABILITY AS EMPLOYERS MUST BE REJECTED ........................................................................................................................ 16

CONCLUSION ...................................................................................................................... 18

## PRELIMINARY STATEMENT

Plaintiffs have properly and sufficiently alleged that defendants New York-Presbyterian Healthcare System, Inc. (the "System"), Dr. Herbert Pardes and Wayne Osten (collectively, the "Moving Defendants") were plaintiffs' employers as that term is applied to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims alleged in the instant complaint (the "Complaint"). Defendants' motion must therefore be denied, particularly at this early stage of the proceeding before any discovery has occurred.

The question of whether an entity or individual is an "employer" involves consideration of several fact-intensive issues. Given that such factual issues cannot be resolved on a pre-discovery motion to dismiss, and absent a fully developed factual record, defendants' motion should be denied. Moreover, plaintiffs' allegations, which must be taken as true for purposes of defendants' motion, more than sufficiently put defendants on notice of the bases for their liability in this case.

Further, in an improper argument on the merits and an attempt to engage in an improper factual contest, defendants contend that Dr. Herbert Pardes and Wayne Osten, two corporate officers for the System, had no control over the policies alleged in this case. However, as set forth in the Complaint, plaintiffs sufficiently allege these individual defendants held operational control over the healthcare system, including the creation and implementation of the illegal policies complained of in the Complaint.

The allegations of the Complaint are sufficiently plead with respect to plaintiffs' contention that these defendants are employers and, thus, the motion to dismiss must be denied.

## FACTUAL BACKGROUND

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc,* Civil Action No. 10-cv-2661, ("*Nakahata I*") was commenced on March 24, 2010, alleging various claims arising out of plaintiff's employment.  In dismissing that action[1] the Court found that plaintiffs failed to specify which entity employed the respective plaintiffs.  *See Nakahata v. New York Presbyterian Healthcare Sys., Inc.,* No. 10 civ. 2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011) ("Dismissal Order").

The named plaintiffs subsequently brought the instant action, alleging violations of the FLSA and NYLL only, in a Complaint which corrects that issue and sets forth detailed allegations as to plaintiffs' employment locations.  *See* Docket No. 1, Complaint ("Compl.") ¶¶ 71-73.  The Complaint also sets forth a variety of additional factual allegations, supported by admissions from defendants, which also demonstrate defendants' legal status as employers under the applicable standards.  *See, e.g.,* Compl. ¶ 33 ("defendants constitute an integrated, comprehensive, consolidated delivery system"); ¶ 32 (the system "has common ownership"); ¶ 30 (the locations throughout the system are "controlled and operated through centralized management" and has "oversight by a senior executive team and board of directors."); ¶ 34 ("defendants suffered or permitted Plaintiffs and Class Members to perform work for it at its various health care locations.").

---

[1] Plaintiffs were not given leave to replead in the *Nakahata I* matter because their claims were dismissed and the matter was closed.  Thus, defendants' argument to the contrary is unavailing, as defendants well know because the Second Circuit Court of Appeals has already rejected that argument. *See* Affirmation of Jessica L. Witenko, sworn to April 16, 2012 ("Witenko Aff."), Exhibit A (*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* Civ. No. 11-734 (2d. Cir. 2011), Docket No. 60).

## LEGAL STANDARD

## MOTIONS TO DISMISS ARE RARELY GRANTED[2]

A complaint is sufficient where it contains enough facts to state a claim to relief that is plausible on its face. *See Litwin v. Blackstone Group, L.P.*, 634 F.3d 706, 715 (2d Cir. 2011). Facial plausibility merely "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Because the detail required to plausibly allege a claim depends on the complexity of the claim and its constituent elements, "in many straightforward cases, it will not be any more difficult today for a plaintiff to meet [his or her pleading] burden than it was before [the Supreme Court's decisions in *Twombly* and *Iqbal*]." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see Litwin*, 634 F.3d at 718 (plaintiffs need only satisfy the basic notice pleading requirements of Rule 8 in order to survive a Rule 12(b)(6) motion).

In the context of wage and hour claims like those at issue here, the level of detail required to state such a claim remains fairly low even after *Twombly* and *Iqbal* because "the requirements to state a claim of a FLSA violation are quite straightforward." *See, e.g., Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (unpublished) (under *Twombly*, complaint need only allege a failure to pay overtime compensation to covered employees to state an FLSA claim); *McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *1 (D. Kan. Apr. 27, 2009) (federal courts in the wake of *Twombly* have held that extensive pleading is not required in the context of an FLSA claim and that allegations need only

---

[2] In addition to this motion arguing that dismissal is appropriate on the ground that the Moving Defendants were not "employers," defendants have separately moved for dismissal on the ground that the Complaint does not sufficiently plead the remaining elements of an FLSA claim. Those issues are addressed in plaintiffs' separate response to that motion, and plaintiffs hereby incorporate by reference their arguments in opposition to that motion.

satisfy the requirements of Rule 8) (citing cases).

A plaintiff who alleges that he or she was employed by or performed work for a defendant sufficiently pleads an employer/employee relationship for purposes of the instant wage and hour claims.[3]  *See Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) ("Common sense and judicial experience counsel that pleading [an employer-employee relationship] does not require great detail or recitation of all potentially relevant facts in order to put the defendant on notice of a plausible claim").  Determining whether a worker is the employee of additional alleged employers under the FLSA is based on the totality of the circumstances, and not by reference to isolated factors.  *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132, 141-42 (2d Cir. 2008); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988).

The relevant factors for determining whether plaintiffs sufficiently alleged employer-employee relationships here are dictated by 29 C.F.R. § 791.2(b) and include (1) whether one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; (2) whether the employers are "completely disassociated" with respect to the employment of the individuals; and (3) whether one employer is controlled by another or the employers are under common control; and (4) whether there is centralized control over labor relations.  *See Cornell v. CF Center, LLC*, 410 Fed. Appx. 265, 267-68 (11th Cir. 2011); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-18 (9th Cir. 2003); *Anderson v. Theriault Tree Harvesting, Inc.*, No. 08-330-B-W, 2010 WL

---

[3] Given the similarity between the NYLL and FLSA generally, *see* 29 U.S.C. § 203(g) (employ means "suffer[ed] or permit[ted] to work") and N.Y. Lab. Law §§ 2(7) (setting forth "permitted or suffered to work" standard), 651(5), courts analyze claims under both statutes together and seek to enforce the statutes consistently.  *See Topo v. Dhir*, No. 01 Civ. 10881, 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004) ("There is general support for giving FLSA and the New York Labor Law consistent interpretations.").  Thus, plaintiffs' FLSA discussion is equally applicable to claims under the NYLL.

323530, at *9 (D. Me. Jan. 20, 2010); U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-17NA, 2005 WL 6219105 (June 14, 2005); U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-15, 2005 WL 2086804 (April 11, 2005).

These factors are necessarily fact-intensive and, in this matter, they are disputed.  At the pleading stage, however, it is inappropriate for the Court to resolve questions of fact. *DiBlaso v. Novello*, 344 F.3d 292, 304 (2nd Cir. 2003).  *See also E.S. Originals Inc. v. Totes Isotoner Corp.*, No. 08 Civ 1945, 2010 WL 3305708, at *4 (S.D.N.Y. Aug. 20, 2010) ("[a] disputed issue of fact...is inappropriate to consider" on a motion to dismiss)(internal citation omitted); *Becker v. Buffalo Public Schools*, No. 07-CV-343A, 2008 WL 4239035, at *2 (W.D.N.Y. Sept. 11, 2008) ("facts outside the four corners of the complaint, renders this argument inappropriate [] [for consideration in a] motion to dismiss.").  Nor should the Court engage in an evaluation of the merits of plaintiffs' claims.  *Fischbach & Moore Elec. v. Bell BCI Co.*, No. 03-CV-6536 CJS, 2004 WL 1811392, at *4 (W.D.N.Y. Aug. 11, 2004) ("[t]he scope of what may be considered is limited because a motion to dismiss determines only the legal sufficiency of the complaint; it does not weigh the merits of plaintiffs claim").

In the event that the Court determines that defendants' motion has any merit, even in part, plaintiffs respectfully submit that the proper remedy is to grant plaintiffs the opportunity to replead, and not to summarily dismiss, their claims.  "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 James Wm. Moore, et al., Moore's Federal Practice 15.08, 15.10 (2d ed. 1948)).

**ARGUMENT**

**PLAINTIFFS HAVE PLAUSIBLY ALLEGED THAT MOVING DEFENDANTS MEET THE FLSA AND NYLL DEFINITIONS OF "EMPLOYER"**

The Complaint both complies with the Dismissal Order[4] and more than sufficiently alleges that each Moving Defendant was an "employer" as defined by the applicable statutes and under the relevant standards discussed above.  *See, e.g., Hamilton,* 621 F.3d at 819; *Barfield,* 537 F.3d at 141-42 ; *Herman*, 172 F.3d at 139; *Brock,* 840 F.2d at 1059.  *See also* 29 C.F.R. § 791.2(b); *Cornell,* 410 Fed. Appx. at 267-68; *Chao,* 346 F.3d at 917-18; *Anderson,* 2010 WL 323530, at *9; U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-17NA, 2005 WL 6219105 (June 14, 2005); U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-15, 2005 WL 2086804 (April 11, 2005).

**I.    THE BROAD STATUTORY DEFINITIONS OF EMPLOYER UNDER THE FLSA AND NYLL INCLUDE THE MOVING DEFENDANTS**

The FLSA mandates broad coverage, defining "employer" to include anyone who acts directly or even "indirectly in the interest of an employer," and who "suffer[s] or permit[s]" a person to perform work. 29 U.S.C. § 203(d); (g).  Thus, "the term 'employee' [was] given 'the broadest definition that has ever been included in any one act." *United States v. Rosenwasser*, 323 U.S. 360, 363 n. 3 (1945) (citing 81 Cong. Rec. 7657). "A broader or more comprehensive coverage of employees…would be difficult to frame." *Id.* at 362.

---

[4] There is absolutely no basis for defendants' suggestion that plaintiffs failed to comply with the Dismissal Order's directive that plaintiffs should specify the particular entity where plaintiffs performed work.  Dismissal Order at *4.  The Complaint plainly asserts that each of the Named Plaintiffs performed work at defendants' New York and Presbyterian Hospital.  *See* Compl. ¶ 71 (Nakahata worked at "New York-Presbyterian Hospital's Columbia University Medical Center….in the Neurological Step-Down Unit, the Cardio Thoracic Step-Down Unit, and the Cardio Thoracic Intensive Care Unit"); *see also id.* ¶¶ 72-73.  Further, the Complaint alleges that each location where a Named Plaintiff worked is part of the New York and Presbyterian Hospital.  *See id.* ¶ 16. Plaintiffs also described the work they performed at those entities. *See id.* ¶¶ 71-73.  *See also, e.g., Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628-29 (S.D.N.Y. 2007); *see generally Labbe*, 319 Fed. Appx. at 763.

The Supreme Court has repeatedly held this definition sweeps away other concepts of employer-employee relationships. *Walling v. Portland Terminal Co.*, 330 U.S. 148, 150-51 (1947); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (the FLSA's definition of employment, "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles.") (internal citation omitted); *Falk v. Brennan*, 414 U.S. 190, 195 (1973).[5]

This expansive definition is also consistent with effectuating the well-established precedent that the FLSA is to be read broadly and liberally to effectuate its remedial purpose. *See Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 66 (2d Cir. 2003) ("This definition is necessarily a broad one, in accordance with the remedial purposes of the FLSA."); *Herman v. RSR Sec. Servs. Ltd,* 172 F.3d 132, 139 (2d Cir. 1999); *Ansoumana v. Gristede's Operating Corp.*, 255 F.Supp.2d 184 (S.D.N.Y. 2003).

Accordingly, at this stage plaintiffs need only plead that Moving Defendants acted directly or indirectly in the interest of an employer, and plaintiffs have sufficiently plead an employer/employee relationship by alleging they were employed by or performed work for each Moving Defendant.  *See Hamilton,* 621 F.3d at 819; *Barfield,* 537 F.3d at 141-42; *Herman,* 172 F.3d at 139; *Brock,* 840 F.2d at 1059.

The Complaint more than sufficiently alleges that each Moving Defendant falls within the definition of employer by pleading, for example, that:

---

[5] Courts recognize that the definition of "employer" under the NYLL is as broad as under the FLSA and therefore use the same test for both statutes.  *Beltre v. Lititz Healthcare Staffing Solutions LLC*, No. 10 Civ. 4594(VM), 2010 WL 4963895, at *3, n. 2 (S.D.N.Y. Nov. 30, 2010) ("Section 190 of the NYLL defines 'employer' as 'any person, corporation or association employing any individual in any occupation, industry, trade, business or service'"); *Chu Chung v. New Silver Palace Rests., Inc.*, 272 F.Supp.2d 314, 318, n. 6 (S.D.N.Y. 2003) ("Most courts agree that the test for determining whether an entity or person is an 'employer' under New York Labor Law is the test set forth...under the [FLSA]").

- Defendants "constitute an integrated, comprehensive, consolidated" health care system (Compl. ¶ 33).

- "[D]efendants claim they are the largest secular, not-for-profit health care system in the United States, and the largest not-for-profit employer in New York City" (*see* Compl. ¶ 25).

- Defendants have "suffered or permitted Plaintiffs and Class Members to perform work" (*see* Compl. ¶ 34).

- The system employees are directed by common management, including oversight and management by a senior executive team and board of directors (*see* Compl. ¶ 30).

- Defendants have common ownership (*see* Compl. ¶ 32).

- Plaintiffs and class members are or have been employed by the health system (*see* Compl. ¶¶ 8, 34, 70-73).

These allegations, coupled with other allegations discussed below, are sufficient to plausibly allege that each Moving Defendant is liable for plaintiffs' claims in this case. At the very least, these allegations demonstrate that the Moving Defendants are acting "indirectly" in the interest of employers toward the employees or that they are acting as "agents" of these employees' employers. Such a showing is all that the law requires to impose "employer" liability under the FLSA and NYLL, and therefore defendants' motion must be denied. Moreover, as discussed more fully below, the Moving Defendants are also liable as employers under other theories arising out of these broad statutory definitions.

Defendants' argument must also fail because defendants impermissibly ask this Court to resolve disputed factual issues on a motion dismiss, prior to any discovery and on an inadequate record.[6] At this stage of the litigation and in the context of a motion to dismiss,

---

[6] Defendants' argument that they are not employers because they are not expressly named on plaintiffs' consent forms is irrelevant and ignores the purpose of a consent form. Consent forms merely need to indicate an individual's desire to opt-in to the action under 29 U.S.C. § 256(b). *See Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1148 (5th Cir. 1970) (a written statement requesting that "legal action be taken to secure my claim for me due under the Fair Labor Standards Act" was

plaintiffs are not required to conclusively prove defendants' employer status.  That is, on a motion to dismiss, a court need only examine "whether allegations of relevant facts are sufficient to state an employment or joint employment relationship under the FLSA."  *Zavala v. Wal-Mart Stores, Inc.*, 393 F.Supp.2d 295, 329 (D.N.J. 2005).[7]   Thus, it would be improper for the Court to engage in factual resolution at this point in the litigation.

Moreover, prior to discovery, defendants should not be heard to assert their own self-serving conclusion that they are not plaintiffs' employers, particularly given the broad definition established by the FLSA.  *See* 29 U.S.C. §§ 203(d), (g); *Walling,* 330 U.S. at 150-51; *Nationwide Mut. Ins. Co.,* 503 U.S. at 326; *Falk,* 414 U.S. at 195; *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985); *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32, 37 (3d Cir. 1983).

Overall, the allegations in the complaint are sufficient and, particularly at this early stage of the litigation where no discovery has been conducted, defendants' request to dismiss the FLSA and NYLL claims should be denied.  *See Zavala*, 393 F.Supp.2d at 329.

## II.   THE COMPLAINT SUFFICIENTLY ALLEGES MOVING DEFENDANTS' LIABILITY AS A SINGLE EMPLOYER AND/OR INTEGRATED ENTERPRISE

A variety of non-exclusive factors must be considered in determining whether the Moving Defendants fall within the legal definition of a single employer or integrated

---

sufficient); *Melendez Cintron v. Hershey Puerto Rico, Inc.*, 363 F.Supp.2d 10, 17 (D.P.R. 2005) (consent forms do not need to contain any specific information to be effective); *Soler v. G & U, Inc.*, 103 F.R.D. 69, 76-77 (S.D.N.Y. 1984) (consent forms that did not name a particular defendant were sufficient because "the FLSA does not require this level of specificity."); *Riojas v. Seal Produce, Inc.*, 82 F.R.D. 613, 616-17 (S.D. Tex. 1979) (signatures of 65 employees on a yellow legal sheet of paper with handwritten language asking to participate constituted valid consent to join the action).   Thus, because of their limited purpose, consent forms need not provide information beyond the employee's name and desire to opt-in.

[7] Defendants' motion impermissibly seeks to argue the merits of this action by introducing facts which are not before the Court on a motion to dismiss and therefore may not be considered.  *See U.S. v. Yonkers Bd. of Educ.*, 893 F.2d 498 (2d Cir. 1990).

enterprise, all with the ultimate goal of assessing the true underlying "economic realities" of the situation. *See Barfield,* 537 F.3d at 141-43 (employment for FLSA purposes is a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances). Any relevant evidence must be considered, and mechanical application of the test is to be avoided. *Brock,* 840 F.2d at 1059. The factors that will be relevant in determining whether an employer-employee relationship exists are dictated by the factual circumstances of the particular case. *See Barfield*, 537 F.3d at 142. These factors are not exclusive, contrary to defendants' suggestion, nor do all of the factors need to be present for liability to attach. *See Moon*, 248 F.Supp.2d at 236-38; *Zheng,* 355 F.3d at 70 ("entity can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, or pay them."); *Herman*, 172 F.3d at 139 ("[n]o one...factor[] standing alone is dispositive"); *Brock,* 840 F.2d 1054 (holding that the economic reality factors are non exclusive); *Jiao v. Shi Ya Chen,* No. 03 Civ. 0165(DF), 2007 WL 4944767, at *9 (S.D.N.Y. March 30, 2007) ("not every factor must weigh in favor of joint employment for a party to be held liable under the FLSA") (internal citation omitted).

Factors tending to establish multi-employer liability under the FLSA include: (1) whether the employers are "completely disassociated" with respect to the employment of the individuals; (2) whether one employer is controlled by another or the employers are under common control or management; (3) whether the employers maintain interrelation between operations; (4) whether there is centralized control over labor relations among the employers; (5) whether there is common ownership among the employers; (6) whether the employers share common insurance, pension or payroll systems; and (7) whether the employers share common hiring, seniority, recordkeeping or billing systems. *See* 29 C.F.R. § 791.2(b); *Radio*

*and Television Broadcast Technicians Local 1264 v. Broadcast Serv. of Mobile, Inc.*, 380 U.S. 255, 256 (1965); *Clinton's Ditch Co-op Co., Inc. v. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985); U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-17NA, 2005 WL 6219105 (June 14, 2005).

Those factors, commonly referred to as comprising the "single employer" or "single enterprise" test have been used by numerous courts and the DOL to determine the liability of multiple employers under the FLSA.  *See A-One Med. Servs., Inc.*, 346 F.3d at 917-18 (factual considerations supporting conclusion that separate entities constitute one enterprise for FLSA coverage also support the conclusion that such separate entities are joint employers for FLSA liability); *Cornell,* 410 Fed. Appx. at 267-68 (same); *Anderson,* 2010 WL 323530, at *9 (applying single employer test to determine liability of multiple employers under the FLSA).

Significantly, the single enterprise theory has been applied by the DOL specifically with respect to health systems, such as the one alleged here.  The DOL, citing *A-One Med. Servs., Inc*. with approval, used the single employer theory to find that entities comprising a health care system, including the parent company and its facilities, were joint employers of employees who worked for the system.  *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-15, 2005 WL 2086804 (April 11, 2005).  The DOL found that all employees of the System's facilities were under the common control of the parent company based on multiple associations, such as a shared common President and Board of Directors and senior management and executives having responsibility for more than one of the entities, that outweighed the fact that each entity did its own hiring and had its own pay scale and payroll system.  The nominally separate entities were thus joint employers within the meaning of 29 C.F.R. § 791.2.  *See id.*

11

In another opinion letter addressing a health care system, the DOL cited *A-One Med. Servs., Inc*. to again state that the relevant factors for finding joint employment included "whether there are common officers or directors of the companies; the nature of the common management support provided; whether employees have priority for vacancies at the other companies; whether there are any common insurance, pension or payroll systems; and whether there are any common hiring seniority, recordkeeping or billing systems." *See* U.S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-17NA, 2005 WL 6219105 (June 14, 2005).  There, the DOL concluded that 38 nominally separate health care facilities were joint employers for purposes of the FLSA, responsible, both individually and jointly, for compliance with its provisions.  *See id.  See also, e.g., Lihli Fashions Corp., Inc. v. N.L.R.B.*, 80 F.3d 743, 747 (2d Cir. 1996); *Kim v. Dial Serv. Intern., Inc.,* No. 96 Civ. 3327, 1997 WL 5902, at *6 (S.D.N.Y. Jan. 8, 1997); *N.R.L.B. v. Browning-Ferris Indus. of Pa., Inc.*, 691 F.2d 1117, 1122-23 (3d Cir. 1982); *accord Pearson v. Component Tech. Corp.*, 247 F.3d 471, 486-87 (3d Cir. 2001).

The Complaint thus plausibly suggests that the Moving Defendants are liable as a single employer or integrated enterprise.[8]   For example, plaintiffs have alleged that all

---

[8] The allegations in the Complaint are also supported by admissions from the defendants.  For example, defendants not only hold themselves out as a health care system of over 52,000 employees but present themselves as *one* system comprised of multiple member hospitals and health centers.  *See* Witenko Aff., Exhibits B-D.  For example, the Healthcare System publishes newsletters entitled the System Standard and Member News, featuring in-depth articles about member health facilities within the New York Presbyterian Healthcare System, Inc.  *See* Witenko Aff. Exhibits E-H.  Also, the New York Presbyterian Healthcare System, Inc.'s 2008 990 form describes the organization's mission as "serv[ing] as the sponsor/parent of a number of tax exempt healthcare providers and related entities and coordinat[ing] a number of support services to such entities" that are later listed in the 990 Form. *See* Witenko Aff., Exhibit I. In fact, the officers (e.g. Dr. Herbert Pardes, President and Chief Executive Officer, and Wayne Osten, Senior Vice President and Director) and key employees identified in Part VII of the 2008 990 Form are responsible for executing the mission and management of the Healthcare System, the New York and Presbyterian Hospital and its affiliated entities. *See id.* Plaintiffs expect that discovery will only provide further support to these admissions and allegations.

locations within the system are under centralized control and that defendants collectively

"constitute an integrated, comprehensive, consolidated health care delivery system, offering a

wide range of services."  Compl. ¶ 33.  Plaintiffs have alleged, *inter alia*, that:

- "Defendants have centralized supply chain management, and financial, computer, payroll, and health records systems that are integrated throughout their locations"  (Compl. ¶ 31).

- Defendants employ a President and Chief Executive Officer and Senior Vice President and Director as part of the management team (Compl. ¶ 30).

- Defendants maintain system-wide policies (Compl. ¶¶ 65, 80, 81).

- The Healthcare System publishes a "System Standard" newsletter and "Member News" which highlight the healthcare initiatives of the member institutions (Compl. ¶ 28).

- Defendants share common management, including the oversight and management by a senior executive team and board of directors (Compl. ¶ 30).

- Defendants have common ownership  (Compl. ¶ 32).

- The Healthcare System's 990 Form describes its mission as coordinating services throughout their locations (Compl. ¶ 29).

These allegations are sufficient on defendants' motion to dismiss.[9]  To the extent

defendants ask the Court to evaluate the merits of the allegations and make factual

determinations, such as whether the System is a health care provider or an employer, such a

request is improper on a motion to dismiss—as is any request for the Court to rule on the

merits of plaintiffs' claims or make factual determinations at this stage and without

discovery.  *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,*  No. 11-cv-6658

---

[9] To the extent defendants contend plaintiffs' allegations are insufficient based on the decisions in *Manning v. Boston Med. Ctr. Corp.,* No. Civ. A. 09-11463, 2011 WL 796505 (D. Mass. Feb. 28, 2011), *Cavallaro v. UMass Mem'l Health Care Inc.,* No. 09-40152, 2011 WL 2295023 (D. Mass. June 8, 2011) and *Davis v. Abington Mem'l Hosp.,* No. 09-cv-5220, 2011 WL 4018103 (E.D. Pa. Sept. 8, 2011), they are mistaken.  The allegations in this Complaint are not "virtually identical" to the allegations found in those complaints.  Indeed, here, plaintiffs set forth far more detailed allegations regarding employer-employee relationship.  *See* Compl. ¶¶ 23-40, 71-73.  Additionally, the sufficiency of the employer-employee allegations in *Cavallaro* is currently on appeal with the First Circuit Court of Appeal.

(S.D.N.Y.), Plaintiffs' Memorandum of Law in Opposition to Defendant the New York and Presbyterian Hospital's Motion to Dismiss the Complaint, at 16-17.

Because plaintiffs have pled the existence of an employer relationship sufficiently to place defendants on notice of the claims being made against them,[10] defendants' motion must be denied.

## III.    THE COMPLAINT PLAUSIBLY ALLEGES THAT DR. PARDES AND MR. OSTEN ARE INDIVIDUALLY LIABLE AS EMPLOYERS

As alleged in the Complaint, defendants Dr. Herbert Pardes and Wayne Osten are also individually liable as plaintiffs' employers under the FLSA and the NYLL.  Under those statutes, as noted above, an "employer" includes "any person" who is "acting directly or indirectly in the interest of an employer in relation to an employee."  *See* 29 U.S.C. § 203(d); NYLL § 190.  *See Herman*, 172 F.3d at 139 (it is well understood that "the overarching concern is whether the alleged employer possessed the power to *control* the workers in question.").[11]

It is well settled that "'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable

---

[10] Defendants also ignore other potential theories of liability such as alter ego and agency liability.  *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 522 (2d Cir. 2006) (elements of agency include "'(1) the manifestation of the principal that the agent shall act for him'; (2) 'the agent's acceptance of the undertaking'; *and* (3) 'the understanding of the parties that the principal is to be in control of the undertaking.'" (internal citations omitted); *A.J. Heel Stone, L.L.C. v. Evisu Intern., S.R.L.*, No. 03 Civ. 1097(DAB), 2006 WL 1458292, at *4 (S.D.N.Y. May 25, 2006) (citing *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988)) ("[t]wo elements must be pleaded to state a claim of alter ego liability: (1) that the person exercises such dominion and control with respect to the transaction attacked that the corporation had no separate will of its own, and (2) that the domination and control was used to commit a fraud or wrong against the [Petitioner].").

[11] Interestingly, defendants cite to *Herman*, but mistakenly apply the holding.  In *Herman*, the focus was not on the actual control over the employees, but the "power to control the workers" based on the "totality of the circumstances."  *Id.*  In fact, *Herman* held that an individual defendant's "operational control" over the company's affairs in general *was* sufficient to establish that he was an employer under the "economic realities" test.  *Id.* at 140-41.

under the FLSA for unpaid wages.'"  *Moon,* 248 F.Supp.2d at 237 (quoting *Donovan v. Agnew,*

712 F.2d 1509, 1511 (1st Cir. 1983)).   The alleged individual employer need not directly

hire the plaintiffs or have direct control over the plaintiffs.   *Herman*, 172 F.3d at 139-40.   It

is sufficient if an individual's power to control the workers in question emanates from his or

her "operational control" over the business.  *Id.*; *see Ansoumana,* 255 F.Supp.2d at 192-93.

Indeed, in *Gordon v. Kaleida Health,* a case factually and legally similar to this case, the

court held that plaintiffs sufficiently pled that the named individuals had the authority to be

held liable as employers.   No. 08-CV-378S, 2008 WL 5114217 at *4 (W.D.N.Y. Nov. 25,

2008).   The plaintiffs alleged that the individual defendants had "authority to make decisions

concerning defendants' operations, including functions related to employment human

resources, training, payroll, and benefits." *Id.* (internal citations omitted).   The court held

that this allegation, coupled with other allegations concerning the individuals' authority,

satisfied the notice pleading requirements of Rule 8.[12] *Id.*

Applying the same broad "employer" standard set forth in the cases above, the

Complaint plausibly alleges that Dr. Pardes, President and CEO of the System, had the

requisite operational control over the health network and, thus, its employees.[13]   The

complaint further alleges that Mr. Osten, Senior Vice President and Director of the System,

---

[12] Defendants' reliance on *Tracy v. NVR, Inc.* is misguided.   No. 04-CV-6541L, 2009 WL 3153150
(W.D.N.Y. Sept. 30, 2009).   There the court held plaintiffs failed to allege that individual defendants
met the *Herman* economic realities test.   *Id.* at *5.   Unlike the allegations here, each of plaintiffs'
allegations in *Tracy* regarding the individual defendants began with "[u]pon information and belief"
and therefore failed to assert that the individual defendants actually performed any of the functions set
forth in the allegations.   *Id.*   The court held that relying on a person's title as the *sole* factual support
for the allegations was insufficient.   *Id.*   That is not the case here.   Here, as discussed above, plaintiffs
set forth specific allegations regarding the authority of Pardes and Osten, not just their job titles.

[13] Defendants' reliance on *Davis,* 2011 WL 4018103 to support the dismissal of the Dr. Pardes and
Mr. Osten is without merit.   This Complaint contains additional factual allegations that were not
present in *Davis.*

had control over employees throughout the healthcare system, including Plaintiffs.  Further, as alleged in the Complaint, Dr. Pardes and Mr. Osten do not merely control a distinct corporate entity entitled New York Presbyterian Healthcare System Inc., but instead they centrally control the entire New York Presbyterian Healthcare System, which is comprised not only of New York Presbyterian Healthcare System Inc., but also of numerous other nominally distinct entities including New York and Presbyterian Hospital where the named plaintiffs actually performed their work.  It cannot be said that these allegations are implausible.  To the contrary, they reflect the situation exactly as characterized by defendants through their website, publications, and their 990 Form.  *See* Compl. ¶¶ 27-29, 44.

Additionally, plaintiffs have alleged that Dr. Pardes and Mr. Osten maintained centralized control over the human resources and compensation policies, including the ability to set policy and make authoritative decisions concerning work schedules, compensation policies, hiring and firing, and other system-wide policies.   Compl. ¶¶ 45-48, 65, 66. Plaintiffs have also alleged that in doing so, those individual defendants acted within their authority as officers of the Moving Defendants.  *Id.*   The Complaint also alleges that Dr. Pardes and Mr. Osten were actively involved in the creation, implementation, and enforcement of the illegal policies that caused plaintiffs' injuries.  *Id.* ¶¶ 52, 53, 67.

As the Complaint plausibly suggests a basis to hold the individual defendants liable in this case, defendants' motion must be denied.

## IV.   DEFENDANTS' ATTEMPT TO AVOID LIABILITY AS EMPLOYERS MUST BE REJECTED

Defendants' effort to argue that they cannot be held liable for merely being part of an enterprise misapprehends the allegations of the Complaint and the basis of their liability. Indeed, defendants do not dispute that the FLSA applies, but instead dispute only whether

16

they are liable for violations under it.

As discussed herein, the defendants are liable because they fall within both the broad statutory definition of employer and also because they meet the various tests that apply in determining whether an entity is liable as a single and/or joint employer.

Where an entity or person falls within any of those theories, that defendant can be held jointly and severally liable for unpaid wages. *See Moon*, 248 F.Supp.2d at 236, 238 (court held that all defendants were joint and severally liable as joint employers for the failure to pay overtime); *A-One Med. Srvs, Inc.*, 346 F.3d at 916; *LeMaster v. Alternative Healthcare Solutions*, No. 3:08-1101, 2010 WL 2570533, at *9 (M.D. Tenn. June 21, 2010) (the court held defendants were "jointly and severally liable to the plaintiffs for their unpaid overtime wages"); *Copantitla v. Fiskardo Estiartorio, Inc.*, No. 09 Civ. 1608 (RJH)(JCF), 2010 WL 1327921, at *5 (S.D.N.Y. Apr. 5, 2010) (court held defendants jointly and severally liable as joint employers holding that "'[t]he Second Circuit has declined to circumscribe [a court's] analysis to a precise set of factors...noting that a district court is 'free to consider any other factors it deems relevant to an assessment of the economic realities.')(internal citation omitted); *Shim v. Millenium Group,* No. 08-4022, 2010 WL 409949, at *2 (E.D.N.Y. Jan. 27, 2010) ("If the individual defendants are 'employers' under the FLSA, they will be jointly and severally liable to the plaintiffs."); *Yates v. Applied Perf. Technologies,* 209 F.R.D. 143, 149 (S.D. Ohio 2002) (court held that a "plaintiff is under no requirement to join all parties who might be jointly and severally liable" in an FLSA action) (internal citations and quotations omitted); *Hamilton v. Matrix Logistics, Inc.,* No. 05-cv-00757, 2007 WL 122807, at *1 (D.

Colo. Jan. 12, 2007) (parent company joint and severally liable on plaintiffs' claims).[14]

Here, plaintiffs do not solely rely on an "enterprise theory" as defendants suggest, but instead set forth sufficient pleading to allege an employer-employee relationship between defendants and the employees at issue, as discussed above.[15]

Therefore, plaintiffs having satisfied the applicable pleading requirements, defendants' motion to dismiss must be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, plaintiffs respectfully request that the Court deny defendants' motion to dismiss in its entirety, and alternatively grant plaintiffs leave to amend the complaint if necessary.

---

[14] To the extent defendants contend plaintiffs fail to allege a joint venture relationship where there is an agreement among defendants to pool resources and share profits and losses, they are mistaken—in fact, plaintiffs' allegations are premised on defendants' own 990 form.  *See e.g.,* Compl. ¶¶ 36, 37 ("Defendants jointly managed and controlled this venture as well as its employees and assets...[in fact] New York-Presbyterian Healthcare System, Inc.'s 990 form describes the organization's mission as being the sponsor/parent to...healthcare providers as well as coordinating services to such entities.").

[15] Defendants' citation to *Patel v. Wargo*, 803 F.2d 632, 635 (11th Cir. 1986), *Rogers v. KAR Holdings, Inc.,* No. 8:08-cv-602-T-30 TGW, 2008 WL 4059767, at *3 (M.D. Fla. Aug. 27, 2008) and *Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092 (NRB), 2007 WL4358456, at *4, n. 3 (S.D.N.Y. Dec. 10, 2007) is improper as they are factually inapposite.  In each of these cases, plaintiffs failed to adequately plead the existence of an employer-employee relationship and instead relied on an allegation that the defendants constituted an "enterprise."

Date: April 16, 2012.

**THOMAS & SOLOMON LLP**

s/ Jessica L. Witenko
_____

J. Nelson Thomas, Esq.
Michael J. Lingle, Esq.
Annette M. Gifford, Esq.
Jessica L. Witenko, Esq.
 *Attorneys for Plaintiffs*
693 East Ave.
Rochester, NY 14607
Telephone: (585) 272-0540
Facsimile: (585) 272-0574
nthomas@theemploymentattorneys.com
mlingle@theemploymentattorneys.com
agifford@theemploymentattorneys.com
jwitenko@theemploymentattorneys.com

19